1

NO JS-6

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                         CENTRAL DISTRICT OF CALIFORNIA

9

10   DONALD BURROWS; et al.,              )   CASE NO. CV 17-6960-R
                                          )
11                   Plaintiffs,          )   ORDER GRANTING DEFENDANT BMW
                                          )   NORTH AMERICA LLC'S MOTION TO
12          v.                            )   EXCLUDE PLAINTIFF'S EXPERT
                                          )   WITNESS DAN CALEF
13   BMW OF NORTH AMERICA, LLC; et al.,   )
                                          )
14                   Defendants.          )
                                          )
15                                        )

16          Before the Court is Defendant BMW North America LLC's ("BMWNA") Motion to

17   Exclude Plaintiffs' Expert Witness Dan Calef, filed August 15, 2018.  (Dkt. No. 101).  Having

18   been thoroughly briefed by both parties, this Court took the matter under submission on

19   September 12, 2018.

20          Under Federal Rule of Civil Procedure 26, parties must disclose the identity of any expert

21   witness.  *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 824 (9th Cir. 2011).  If

22   the expert is "one retained or specially employed to provide expert testimony in the case or whose

23   duties as the party's employee regularly involve giving expert testimony," the disclosure must be

24   accompanied by a written report containing (1) a complete statement of the expert's opinions and

25   their bases, (2) the information relied upon by the expert in forming the opinions, (3) all exhibits

26   to be used to summarize or support the opinions, (4) the expert's qualifications and list of

27   publications, (5) a list of cases in which the expert testified, and (6) a statement of the expert's

28   compensation.  Fed. R. Civ. Pro. 26(a)(2)(B).  "When a party fails to make the disclosures

required by Rule 26(a), the party is not allowed to use the witness to supply evidence at trial unless it establishes that the failure was substantially justified or harmless." *Goodman*, 644 F.3d at 824.

Federal Rule of Evidence 702 allows admission of "scientific, technical, or other specialized knowledge" by a qualified expert if it will "assist the trier of fact to understand the evidence or to determine a fact in issue." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). Further, the testimony must be "based on sufficient facts or data" and "the product of reliable principles and methods," and it must be shown that "the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. In making this reliability determination, the United States Supreme Court advises courts to consider five factors: (1) whether the expert's theory or technique can be and has been tested, (2) whether the theory or technique has been subjected to peer review and publication, (3) the rate of error and the existence and maintenance of standards controlling the technique's operation, and (4) whether the theory or technique has been generally accepted in the relevant field. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 593-94 (1993). The Ninth Circuit adds one additional factor: whether the expert witness conducted research independent of the litigation or expressly for the purposes of testifying. *Daubert*, 43 F.3d 1311, 1315 (9th Cir. 1995) (on remand).

"Rule 702 assigns to the district court the role of gatekeeper and charges the court with assuring that expert testimony rests on a reliable foundation and is relevant to the task at hand." *United States v. Hermanek*, 289 F.3d 1076, 1093 (9th Cir. 2002). The trial court must find that the testimony is "properly grounded, well-reasoned, and not speculative before it can be admitted." Advisory Comm. Note to 2000 Amendment to Fed. R. Evid. 702. This gatekeeping role applies to all expert testimony, not just scientific testimony. *Kumho Tire Co.*, 526 U.S. at 147.

Calef offers fourteen opinions including but not limited to, (1) identifying the "problems" with Plaintiffs' car, (2) that the problems have not been repaired, (3) that some of these problems are "known to be recurring conditions," (4) that the dealer failed to make a reasonable effort to diagnose and repair the problems, (5) that BMWNA violated California Bureau of Automotive

Repair regulations, (6) that BMWNA was given a reasonable number of attempts to repair the problems, (7) that each of the unrepaired problems was covered under the warranty because Calef "saw no reason to believe that [the Burrows]…abused, misused or tampered with the vehicle," (8) that the Burrows' use of the vehicle has been "substantially impaired," and (9) that "the value of the vehicle has been substantially impaired."  For the following reasons, this Court has determined that Calef is not a proper expert witness in this case.

First, Calef's expert witness report does not comply with Rule 26 since he relies in part on "confidential documents provided by BMWNA in other cases" as support for three of his opinions.  Plaintiffs have not produced these confidential documents or any evidence of their contents, and Calef refused to discuss them at his deposition.  "[T]he majority view [is] that Rule 26 now requires disclosure of *all* information provided to testifying experts," including privileged or confidential documents.  *Reg'l Airport Auth. of Louisville v. LFG, LLC*, 460 F.3d 697, 715 (6th Cir. 2006).  *See also* Advisory Comm. Note to 1993 Amendment to Fed. R. Civ. P. 26(a)(2); Advisory Comm. Note to 2010 Amendment to Fed. R. Civ. P. 26(a)(2) ("[T]he intention is that 'facts or data' be interpreted broadly to require disclosure of any material considered by the expert, from whatever source, that contains factual ingredients.  The disclosure obligation extends to any facts or data 'considered' by the expert in forming the opinions to be expressed, not only those relied upon by the expert.).  All or part of Calef's testimony could be excluded on this basis alone.

Second, Calef is not qualified to testify as an expert witness in this case.  Calef lacks the specialized training and experience specific to the subject vehicle and N63 engine that would be helpful to the trier of fact in this case.  Calef's broad automotive background and firsthand experience, although impressive, does not qualify him to testify as an expert on all matters related to the design and function of vehicles with which he is not personally familiar.  Calef is not qualified to provide expert opinions that would be helpful to the trier of fact in this case.

Finally, Calef's opinions fail the *Daubert* reliability standard.  A key component of expert testimony under *Daubert*, and scientific methodology in general, is the process of "generating hypotheses and testing them to see if they can be falsified."  *Daubert*, 509 U.S. at 593.  Here,

3

1  Calef hypothesizes as to the causes of various alleged defects in the subject vehicle, but he has not

2  conducted any tests of his own to confirm these hypotheses.  Calef admitted at his deposition that

3  he has never driven the subject vehicle, he has never worked for a BMW center or dealer, he has

4  never received training from BMW, and he has never diagnosed or repaired the N63-type engine

5  at issue in this case or been trained to diagnose or repair an N63 engine.  Calef offers the opinion

6  that the alleged problems are "known to be recurring conditions with these types of vehicles" but

7  does not base that on any personal knowledge or experience diagnosing or repairing BMW

8  engines.  When asked for the sources for his opinion that these problems are well known, Calef

9  cited to magazine articles, internet search results, and an unidentified class action lawsuit.  Calef's

10  expert witness report is rife with conclusory opinions with no apparent basis, and his deposition

11  testimony reads like that of an advocate rather than an expert applying reliable scientific principles

12  and methods.  Accordingly, Calef's testimony must be excluded under *Daubert*.

13       **IT IS HEREBY ORDERED** that Defendant BMW North America LLC's Motion to

14  Exclude Plaintiffs' Expert Witness Dan Calef is GRANTED.  (Dkt. No. 101).

15  September 24, 2018

16

17  _____

18              MANUEL L. REAL
      UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28