MORGAN, LEWIS & BOCKIUS LLP
Esther K. Ro, Bar No. 252203
esther.ro@morganlewis.com
Raymond M. Collins, Bar No. 199071
raymond.collins@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:   +1.213.612.2500
Fax:   +1.213.612.2501

Attorneys for Defendant
BMW OF NORTH AMERICA, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD BURROWS; MEAGAN BURROWS,<br><br>                    Plaintiffs,<br><br>         vs.<br><br>BMW OF NORTH AMERICA, LLC, and DOES 1 through 10, inclusive,<br><br>                    Defendant. | Case No. 2:17-cv-06960-R-RAO<br><br>[Assigned to Hon. Manuel L. Real]<br><br>**DEFENDANT BMW OF NORTH AMERICA, LLC'S OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR LOCAL RULE 7-18 MOTION FOR RECONSIDERATION OF THE COURT'S SEPTEMBER 24, 2018 ORDER EXCLUDING THE TESTIMONY OF DAN CALEF**<br><br>Date of Filing: August 10, 2017<br>Trial Date:       July 23, 2019 |

## I.     INTRODUCTION

Plaintiffs Donald Burrows' and Meagan Burrows' ("Plaintiffs") Ex Parte Application For Local Rule 7-18 Motion for Reconsideration of the Court's September 24, 2018 Order Excluding the Testimony of Dan Calef ("Application") should be denied in its entirety.

First, the alleged "new evidence" Plaintiffs cite as the basis of the

Application is irrelevant. Any evidence related to the failed smog test cannot support any of Plaintiffs' causes of action because it is not covered by any warranty. All of the warranties applicable to Plaintiffs' vehicle expired long ago. Therefore, any evidence related to the failed smog test cannot support any claim for a violation of an express or implied warranty.

Further, the alleged new evidence has nothing to do with oil consumption nor does the failed smog test support any other of Plaintiffs' other complaints. There is no need to permit Plaintiffs to introduce expert testimony to address the failed smog test given that there is nothing that links the allegations in the complaint with the failed smog test.

Second, this Application is no more than an attempt to circumvent this Court's prior order excluding Plaintiffs' expert from testifying because he is unqualified to do so. Nothing has changed in that regard. Dan Calef ("Calef") is still unqualified to testify.

However, to the extent that the Court is considering granting the Application, Defendant BMW of North America, LLC ("BMW NA") requests that the Court set a hearing with a proper briefing schedule so that BMW NA may properly address all of Plaintiffs' arguments. The timing of Plaintiffs' Application was filed in a way that deprived BMW NA of even 24 hours to respond to the Application.

## II.   ARGUMENT

### A.   This Application Should Be Denied Because The New Evidence is Irrelevant To Any Claims Under The Law Because They Are Not Covered By Any Warranty Nor Is It Related To Any Of Plaintiffs' Prior Claims.

The first reason this Application should be denied is because the evidence related to the failed smog test has nothing to do with any of Plaintiffs' allegations in the complaint. Any repairs that would be done related to the failed smog test would not be covered by any warranty that is the responsibility of BMW NA.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

2

BMW OF NORTH AMERICA, LLC'S
OPPOSITION TO PLAINTIFFS' EX PARTE
APPLICATION 2:17-CV-590-R-RAO

All such warranties expired long ago. Plaintiffs' Implied Warranty expired on May 2, 2012. Declaration of Raymond M. Collins, "Collins Decl.," ¶2. The 18 months/18,000 mile presumption expired on November 2, 2012. Collins Decl., ¶2. The New Vehicle Warranty expired on May 2, 2015. Collins Decl., ¶2.

Plaintiffs' last warranty expired over four years ago. The smog test took place in April 2019. Accordingly, anything related to the smog test would not be covered by any warranty. That means that the smog test does not create or support any of Plaintiffs' causes of action against BMW NA. In other words, it is irrelevant to this action.

Moreover, there is nothing in the new evidence that comes close to linking the smog test to any alleged defects in Plaintiffs' vehicle. Plaintiffs provide documents that show the vehicle failed a smog test. Exhibit C to the Application. The Smog Check Vehicle Inspection Report states that the vehicle passed all aspects except that the OBDII was Not Ready. There is nothing to indicate that the vehicle failed because of any of the allegations raised in the complaint.

They also provide a document that a third party offered to replace a battery and to replace turbo coolant lines with parts from a parts kit. Exhibit E to the Application. The kit itself seem to have many parts unrelated to the proposed work to be done. Nevertheless, there is nothing in the documents that link the proposed repairs to any of the allegations in Plaintiffs' complaint.

Given the information contained in the new documents, there is no reason for Plaintiffs to need to provide expert regarding these documents. They speak for themselves. Further, Plaintiffs purchased the vehicle on May 2, 2011. It did not fail a smog test until almost eight years later. There is no evidence of any kind that links the failed smog test to Plaintiffs' allegations in this case. Nor is there any evidence that the vehicle had any history of failing smog test. The reason is clear. The failed smog test has nothing to do with the claims brought against BMW NA.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

3

BMW OF NORTH AMERICA, LLC'S
OPPOSITION TO PLAINTIFFS' EX PARTE
APPLICATION 2:17-CV-590-R-RAO

**B. The Application Should Be Denied As The Application Is Nothing More Than An Attempt By Plaintiffs To Have Their Previously Disqualified Expert Testify At Trial Because Plaintiffs' Previously Disqualified Expert Is Still Not Qualified To Testify As An Expert In This Matter.**

The second reason this Application should be denied is that the Application is simply an attempt to get around the fact this Court had precluded Plaintiffs' prior expert from testifying. BMW NA has no desire to argue the merits of whether Calef is qualified to testify in this action. The Court has already found that he is not qualified to do so. There has not been any showing of any material difference in fact or law that support the claim he should testify as an expert.

As discussed above, the new documents do not support any of Plaintiffs' allegations and there is no need for expert testimony regarding the documents. The smog test is not a new material fact. Nor do the documents support the claim that the Court should reconsider its decision to exclude Calef from testifying as an expert.

Plaintiffs argue that there is a material difference because Calef has since purchased a N63 engine and tested it for defects while keeping the parts. Plaintiffs also claim that Calef has since been qualified by a judge to testify as an expert in a different matter. These facts are not enough to change the circumstances under which Calef should be permitted to testify as an expert. Calef still has not complied with Rule 26 by providing the confidential documents he relied on for three of his opinions.

Further, Calef still does not qualify as an expert. He still lacks specialized training. The fact that he purchased a N63 engine and performed testing on it does not mean that has experience on the subject vehicle that would be helpful to the trier of fact. Nothing he has done qualifies him as an expert of the design and function of vehicles he is personally unfamiliar in so many ways. Finally, he still

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

4

BMW OF NORTH AMERICA, LLC'S
OPPOSITION TO PLAINTIFFS' EX PARTE
APPLICATION 2:17-CV-590-R-RAO

has never driven the subject vehicle, has never worked for a BMW center or dealer, has never received training by BMW, has not diagnosed or repaired an N63 type engine nor has he been trained to diagnose or repair such engines. Calef's proposed testimony still fails the *Daubert* requirements. Neither he nor any other expert should be permitted to testify in this action.

### C. If The Court Is Inclined To Grant The Application, The Court Should Set A Full Briefing Schedule So BMW NA Can Properly Address The Issues Raised In The Application.

If this Court is inclined to grant the Application, BMW NA requests that the issue be set for a formal motion hearing so that BMW NA can properly address this issue. There is no doubt that if the Application is granted, it will not only greatly change the dynamics of the case, it will greatly prejudice BMW NA. Given the ramifications, BMW NA should be permitted a fair opportunity to address all of the issues raised in the Application. It was not given such an opportunity in regards to the Application.

On June 18, 2019, Plaintiffs' counsel notified defense counsel that they would be filing the Application by 7 p.m. that evening. Exhibit A to the Application. At 7 p.m., defense counsel checked his email to see whether the Application was filed. Collins Decl., ¶3. It had not. Collins Decl., ¶3. Defense counsel checked again at 8 p.m. to see whether the Application was filed. Collins Decl., ¶4. It had not. Collins Decl., ¶4.

Plaintiffs' counsel filed the Application between 8:21 and 8:27 pm. Collins Decl., ¶5. The Proposed Order was not filed until after 3 p.m. the next day. Collins Decl., ¶5.

Defense counsel did not see the Application until 9:30 a.m. on June 19, 2019. Collins Decl., ¶6. Unfortunately, defense counsel had to attend a deposition the morning that started at 10 a.m. Collins Decl., ¶6. It was not until 3 p.m. that

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

5

BMW OF NORTH AMERICA, LLC'S
OPPOSITION TO PLAINTIFFS' EX PARTE
APPLICATION 2:17-CV-590-R-RAO

defense counsel could read and draft a response to the Application. Collins Decl., ¶6.

Under those circumstances, defense counsel was given little time to respond to the Application. Given the possible ramifications if the Application is granted, BMW NA requests it be given a proper amount of time to respond to the issues raised in the Application.

### III.  CONCLUSION

For all the foregoing reasons, BMW NA respectfully requests the Application be denied in its entirety. However, if the Court is inclined to grant the Application, BMW NA requests that the Court set the matter for a hearing with a proper briefing schedule so the BMW NA can properly address the issues raised in the Application in a timely matter.

Dated:      June 19, 2019

MORGAN, LEWIS & BOCKIUS LLP
Esther K. Ro
Raymond M. Collins

By   /s/ Raymond M. Collins
Raymond M. Collins
Attorneys for Defendant
BMW OF NORTH AMERICA, LLC