UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-06960-R-RAO | Date | 07-11-19 |
|---|---|---|---|
| Title | *Donald Burrows, et al. v. BMW of North America* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Christine Chung | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiff's Ex Parte Application for Reconsideration Re Order on Motion to Exclude Plaintiffs' Expert Dan Calef (DE 130)

## I. INTRODUCTION

On September 24, 2018, this Court granted Defendant BMW North America LLC's ("Defendant") Motion to Exclude Plaintiffs' Expert Witness Dan Calef because (1) he relied in part on undisclosed confidential documents to support three of his opinions, (2) he lacked the specialized training and experience specific to the subject vehicle or N63 engine that would be helpful to the trier of fact, and (3) his opinions did not meet the *Daubert* reliability standard. On June 18, 2019, Plaintiffs Donald and Meagan Burrows ("Plaintiffs") filed this ex parte application pursuant to Federal Rule of Civil Procedure 60(b) and Local Rule 7-18 for reconsideration of the Court's order excluding Calef on the grounds that (1) a recent repair estimate following two failed smog tests revealed a crankcase ventilation defect on the subject vehicle; (2) subsequent to this Court's order excluding Calef, he purchased and tested an N63 engine, including observing and/or testing for excessive engine oil consumption caused by crankcase ventilation defects; and (3) on April 30, 2019, the Honorable Otis D. Wright II ruled in another matter that Calef was qualified to testify about N63 engines.

Defendant continues to deny that Calef qualifies as an expert for purposes of this case and, therefore, requests that the Court deny Plaintiffs' ex parte application. Alternatively, Defendant requests that the Court set a hearing date with a proper briefing schedule so that Defendant will not be prejudiced by Plaintiffs' ex parte filing. Trial is set for July 23, 2019.

For the following reasons, the Court **DENIES** Plaintiffs' ex parte application.

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-06960-R-RAO | Date | 07-11-19 |
|---|---|---|---|
| Title | *Donald Burrows, et al. v. BMW of North America* | | |

## II. JUDICIAL STANDARD

Rule 60(b) permits the Court to relieve a party or its legal representative from a final judgment, order, or proceeding based on, among other reasons, "(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)"; or (6) any other reason that justifies relief." Local Rule 7-18 similarly states that reconsideration may be granted on the grounds of (in pertinent part): "(a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision." Plaintiffs contend that Calef's familiarity with the N63 engine subsequent to this Court's order excluding him qualifies Calef to now testify as an expert in this matter.

## III. DISCUSSION

It has been approximately nine months since this Court ordered Calef's exclusion as an expert witness, yet Plaintiffs waited nearly until the date of trial to file this ex parte application. Plaintiffs have not provided any justification for this dilatory filing, and there appears to be none given that Calef apparently acquired his knowledge of the N63 engine no later than April 30, 2019. Given the proximity to trial and the prejudice to Defendants of having to respond to this matter as an ex parte application, the Court declines to reconsider its prior order granting the motion to exclude Calef as an expert witness.

## IV. CONCLUSION

In light of the foregoing, the Court **DENIES** Plaintiff's Ex Parte Application for Reconsideration Re Order on Motion to Exclude Plaintiffs' Expert Dan Calef (DE 130).

**IT IS SO ORDERED.**

|  | 0 : 00 |
|---|---|
| Initials of Preparer | cch |